Before State Industrial Commission, Respondent.

In the Matter of the Claim of Antoinette Ross, Widow, Mary Ross, Daughter, and Carmine Ross, Son, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Sam Ross, *v.* Genesee Reduction Company, Employer, and the United States Fidelity and Guaranty Company, Insurance Carrier, Appellants.

Third Department, December 28, 1917.

**Workmen's Compensation Law — injury to driver of garbage wagon while engaged in extra work — injury in course of employment, although doing unnecessary work.**

An employee of a company engaged in collecting and reducing garbage which, as an incident to its business, sold fertilizer, who, although generally employed in driving one of the garbage collecting wagons, did extra work in helping to load the fertilizer into cars, and while employed in such work went upon the roof of the building operated by the employer and while attempting to pull down a rope fell through the skylight and was killed, was injured in the course of his employment.

It is immaterial that the decedent did not perform the work in exactly the best manner and that the particular effort in which he was engaged was unnecessary.

Appeal by the defendants, Genesee Reduction Company and another, from an award of the State Industrial Commission made on the 15th day of June, 1917.

*Carnahan, Adams, Jameson & Pierce* [*George A. Carnahan* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

Woodward, J.:

The employer in this case was engaged in collecting and reducing garbage, and, as an incident of this business, it sold a fertilizer known as "tankage." The claimant's intestate was employed in driving one of the garbage-collecting wagons, and did extra work in helping to load the tankage

into cars three or four times a week. On August 4, 1916, the day of the accident resulting in his death, he was employed in this extra work, and went upon the roof of a building, operated by the employer as a part of the plant, and while there, attempting to pull down a rope used in hoisting materials, he fell through a skylight and was killed.

The appellants make an elaborate argument to show that the decedent was not injured in the course of his employment, the theory being that it was not necessary for the decedent to be upon the roof; that he was not required to pull down the rope, as it would fall of its own weight if given time enough. The reasoning is altogether too refined for the very practical results sought to be attained by the Workmen's Compensation Law. The decedent was in the employ of the Genesee Reduction Company at the moment of the accident, and the question of whether he was doing the work in exactly the best manner is not material. It is not seriously questioned that the act which he attempted was designed to facilitate the work of the master, and the fact that it could have been accomplished without this particular effort is not controlling. We are not dealing with the law of negligence; we are considering a system which attempts to compensate for injuries received in the actual performance of duties in hazardous employments, without regard to negligence, and so long as the employee is engaged in the actual service of the master, as distinguished from the personal purposes of the employee, he is entitled to the provision which the law makes for him as an employee.

The award should be affirmed.

Award unanimously affirmed.